UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Ari Kresch, individually, and
1-800-LAW-FIRM, PLLC

    *Plaintiffs,*               Case No.:

v.                                                  Hon.

David Prince,

    *Defendant*.
_____/
Keith Altman (P81702)
The Law Office of Keith Altman
26700 Lahser Rd. Ste 401
Southfield, MI 48033
(516) 456-5885
kaltman@lawampmmt.com
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

    NOW COMES, Plaintiffs ARI KRESCH, and 1-800-LAW-FIRM, PLLC, by and through their attorney, The Law Office of Keith Altman, and for their Complaint state as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Ari Kresch ("Kresch") is an individual domiciled in and is a citizen of the State of Michigan, and is the CEO of 1-800-LAW-FIRM, PLLC.

2. Plaintiff 1-800-LAW-FIRM, PLLC ("1800LF") is a law firm with its principal place of business in Southfield, Oakland County, Michigan.

3. Defendant David Prince ("Prince") is domiciled in and is a citizen in State of Florida, and is the CEO of the Law Offices of Prince and Associates (TLOOPA).

4. Plaintiffs and Defendant are completely diverse and therefore this Court has diversity jurisdiction pursuant to 28 U.S.C. 1332, and the amount in controversy exceeds $75,000.

5. Venue is proper under 28 U.S. Code § 1391(b)(2) as a substantial part of the events giving rise to the claim occurred in this district in the county of Oakland. Defendant Prince reached out to Plaintiffs 1800LF and Kresch while in Michigan and the contract was signed by Defendant in Michigan, County of Oakland. Additionally, Plaintiffs' business is located and was harmed in the state Michigan, County of Oakland.

## BACKGROUND

6. Plaintiff incorporates by reference the allegations in all previous paragraphs.

7. Defendant Prince reached out to Plaintiffs 1800LF and Kresch while in Michigan and offered to enter into a partnership with them.

8. Plaintiffs and Defendant entered into a Joint Venture Agreement (JV), attached as Exhibit A), on April 4, 2013. This agreement was signed in the state of Michigan.

9. The agreement allowed each Party to retain ownership of their existing entities while gaining efficiencies by integrating and expanding the respected offerings of each entity and to increase client referral, retention and profit.

10. Beginning at the execution of the JV there was an initial trial period of twelve months for the Parties to determine whether the JV was an appropriate business fit.

11. Among Plaintiff Kresch and 1800LF's responsibilities to the JV were managing and generating sales, marketing, technology and public relations opportunities, IRS as well as providing property tax appeal property tax area leads, along with leads for the now defunct Legal Zen entity.

12. Among Defendant David Prince's responsibilities to the JV were managing operations and compliance for his company the Law Offices of Prince and Associates, 1800LF, JV, and bankruptcy, mortgage modification, student loan and Fair Debt Collection Practices Act leads.

13. Ownership and revenue sharing and/or shortfalls of the JV were to be divided between 1800LF and Prince. However, the JV was short lived and never generated any revenue. In fact, Prince was financially floundering. Plaintiffs ultimately assisted Defendant Prince by funding its operations for four months.

14. Plaintiffs advanced a total of $470,213.34 to Prince in the four months Plaintiffs assisted in funding Prince's operations.

15. Kresch also provided a personal loan to Prince in the amount of $25,000

16. Kresch's personal loan to Prince was for the sole purpose to enable Defendant Prince to close on an apartment he recently purchased until he had the opportunity to liquidate securities. In the spirit of trust and goodwill, Plaintiff Kresch did not require Defendant Prince to sign a note for the personal loan as Defendant Prince assured Plaintiff Kresch that he would have the funds to repay within a matter of a few weeks. To date this loan remains

17. Prince is indebted to Plaintiffs 1800LF and Kresch for $481,713.34. This amount included supporting Prince's operations and technological infrastructure and a personal loan from Kresch to Prince in the amount of $25,000.

## **FIRST CAUSE OF ACTION- BREACH OF CONTRACT**

18. Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

19. Plaintiffs and Defendant entered into a Joint Venture Agreement on April 4, 2013, attached as Exhibit A. The parties initialed each page of the agreement and signed the agreement.

20. Plaintiff provided consideration by agreeing to be responsible for managing and generating sales, marketing, technology and public relations

opportunities, IRS, as well as providing property tax appeal property tax area leads, along with leads for the now defunct Legal Zen entity.

21. David Prince in turn provided consideration by agreeing to managing operations and compliance for his company the Law Offices of Prince and Associates, 1800LF, JV, and bankruptcy, mortgage modification, student loan and Fair Debt Collection Practices Act leads.

22. The parties accepted to terms of the agreement as exhibited by their signatures being affixed to the contract and by Plaintiff performing the required services in reliance that Defendant would in turn would in turn perform his end of maintaining the joint venture.

23. Both parties understood the terms of the agreement.   Plaintiffs performed their end of the contract.

24. A valid contract existed because all of the elements requiring the formation of a contract were satisfied.

25. Prince breached multiple terms of the JV agreement causing Plaintiffs financial loss.

26. Prince specifically breached the following terms:
    a. Failing to fund his 50% portion of operating costs to the 1800LF entity;
    b. Failing to fund his 40% portion of operating costs to the Legal Zen entity;

   c. Failing to report and generate leads for the JV;

   d. Failing to insure compliance measures were met for 1800LF and the JV;

   e. Failing to oversee all aspects of operations for 1800LF and the JV;

   f. Failing to generate and/or report the status and disposition of the following lead types and sources: bankruptcy, mortgage modification, Fair Debt Collection Practices Act, student loans, CLC and LegalZoom;

   g. Failing to disclose all financials relating to TLOOPA and the JV;

   h. Failing to fully disclose and share contracts with lead source vendors;

   i. Denying the 1800LF entity access to vendors by not permitting access to databases and/or links;

   j. Advising vendors to not speak with representatives of the 1800LF;

   k. Failing to disclose contractual relationships that impacted the JV;

27. Due to Prince's multiple and repeated breaches of its JV Agreement, Kresch and 1800LF have incurred damages and, as of the date of this Complaint is owed approximately $481,713.34 for the services provided.

28. WHEREFORE, Plaintiff requests that this Court enter judgment in its favor and against Defendant in the amount of $481,713.34 together with interest, costs, attorneys' fees, and any other relief that the Court deems just and

equitable under the circumstances.

## SECOND CAUSE OF ACTION- FRAUD IN THE INDUCEMENT

29. Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

30. When entering the JV, Defendant falsely represented to 1800LF that he had the resources to fund its portion of the JV along with its own operations and 1800LFs.

31. Relying upon this representation 1800LF entered into the JV with Defendant.

32. Less than a month after entering into the JV, Defendant began requesting funds from Plaintiff 1800LF to fund its operations including payroll.

33. In the spirit of partnership, 1800LF advanced a total of $456,713.34 to Defendant beginning in May 2013 to September 2013.

34. To date, has failed to reimburse Plaintiff 1800LF for any funds advanced to fund its operations and payroll.

35. Defendant engaged in fraud by representing to 1800LF that it had the resources to fund his portion of the JV along with its own operations and 1800LF knowing that this was false and that 1800LF would rely on this representation.

36. In addition, on April 3, 2013 Kresch made a personal loan to Prince in the amount of $25,000.00 for the purchase of an apartment for his personal use. Prince falsely represented to Kresch that this loan was for a brief amount of

time, no more two weeks, until he was able to fully liquidate assets he was holding. However, time was of the essence for the purchase of this property and he stood to lose it if he was unable to secure the $25,000.00.

37. Plaintiff Kresch relied on Prince's word as an attorney, business partner, and friend and advanced those funds without requiring a note.

38. Upon information and belief, Prince never purchased the apartment but instead used the funds for other purposes.

39. In the subsequent months Kresch repeatedly requested Prince repay the loan. Kresch's requests were met with excuses, promises to repay and eventually silence.

40. Prince engaged in fraud by representing to Kresch that the money would be used for an apartment and paid back in a brief amount of time knowing that this was false and that Plaintiff Kresch would rely on this representation.

41. Due to Prince's multiple and repeated acts of fraud, Kresch and 1800LF have incurred damages and, as of the date of this Complaint is owed approximately of $481,713.34.

42. WHEREFORE, Plaintiff requests that this Court enter judgment in its favor and against Defendant in the amount of $481,713.34 together with interest, costs, attorneys' fees, and any other relief that the Court deems just and equitable under the circumstances.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that the Court grant the following relief:

a. Actual and punitive damages;

b. Order that Defendants account to Plaintiffs for, and disgorge, all profits it has derived by reason of the unlawful acts complaint of above;

c. For Plaintiff's costs and expenses, including without limitation reasonable attorney fees and costs;

d. Award pre-judgment and post-judgment interest;

e. For such other and further relief, in law or equity, to which Plaintiffs may be entitled as this Honorable Court shall deem just.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all matters before the Court to the extent allowed by law.

Date: April 17, 2018                    Respectfully Submitted,

The Law Office of Keith Altman

By: */s/ Keith Altman*
   Keith Altman (P81702)
   26700 Lahser Rd., Ste 401
   Southfield, MI 48033
   (516) 456-5885
   kaltman@excololaw.com
   *Attorney for Plaintiffs*