UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ARI KRESCH AND 1-800-LAW-FIRM, PLLC | Case No. 18-11219 |
| Plaintiffs, | SENIOR U.S. DISTRICT JUDGE |
| v. | ARTHUR J. TARNOW |
| DAVID PRINCE AND THE LAW OFFICES OF PRINCE AND ASSOCIATES, LLC | U.S. MAGISTRATE JUDGE DAVID R. GRAND |
| DEFENDANTS. | |

**OPINION AND ORDER DENYING IN PART DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT [8] AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS [4] THE ORIGINAL COMPLAINT**

This is a breach of contract and fraud in the inducement suit brought by a Michigan lawyer and his law firm against a Florida lawyer and his law firm. Plaintiffs seeks to recover damages from Defendants' alleged breach of a Joint Venture Agreement signed between them on April 4, 2013. Defendant David Prince has raised several defenses in his motion to dismiss. The Court will deny the jurisdictional components of the motion to dismiss and schedule a hearing on the remaining defenses raised by Mr. Prince.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs' First Amended Complaint provides the following facts. Plaintiff, Ari Kresch, is a citizen of Michigan. (Compl. ¶ 1). Plaintiff, 1-800-Law

Firm, of which Mr. Kresch is CEO, has its principal place of business in Michigan. (Id. at ¶ 2). Defendant, David Prince, is a citizen of Florida. (Id. at ¶ 3). The Law Office of Prince and Associates, LLC, has its principal place of business in Florida. (Id. at ¶ 4). Plaintiffs and Defendants entered into a Joint Venture Agreement on April 4, 2013. (Id. at ¶ 10). The agreement was signed in Michigan and provided for a trial period of 12-months. (Id. ¶¶ 10, 12). The agreement assigned various responsibilities to each law firm, and it called for revenue sharing between the law firms. (Id. ¶¶ 13-15). The agreement was short-lived, however, and failed to generate revenue. (Id. ¶ 15).

During the brief course of this partnership, Plaintiffs advanced $470,213.34 towards Defendants' operations. (Id. ¶ 16). Mr. Kresch also provided a personal loan to Mr. Prince in the amount of $25,000. (Id. ¶ 17).

On April 17, 2018, Plaintiffs filed suit to collect these debts. [Dkt. # 1]. Defendant Prince filed a Motion to Dismiss [5] on February 21, 2019. Plaintiff filed an Amended Complaint on March 11, 2019. Defendant Prince filed a Motion to Dismiss the Amended Complaint [8] on May 1, 2019. On July 16, 2019, the Court issued an Order for Defendants to Show Cause why the Court Should Not Strike Defendants' Motion to Dismiss [12], because Mr. Prince, though an attorney, is not admitted to practice in the Eastern District of Michigan and thus cannot represent a corporate defendant. In his August 6, 2019 Reply

brief [14], Mr. Prince explained that since The Law Offices of Prince and Associates was dissolved in 2015, it cannot retain corporate counsel. (Dkt. # 14, pg. 1). The Court therefore will construe Mr. Prince's Motion to Dismiss to pertain to his own defense only.

The Motion to Dismiss the Amended Complaint [8] is fully briefed. The Court finds the jurisdictional portions of the motion suitable for determination without a hearing in accord with Local Rule 7.1(f)(2). It will conduct a hearing on the remaining portions of the motion on Wednesday January 22, 2020 at 3:00 P.M.

### STANDARD OF REVIEW

Defendant Prince moves to dismiss Plaintiffs' claims for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) and lack of personal jurisdiction pursuant to FED. R. CIV. P. 12(b)(2).

A Rule 12(b)(1) challenge to subject matter jurisdiction takes the form of a facial attack or a factual attack. Defendant makes a factual attack, which means that it challenges "the factual existence of subject matter jurisdiction." *Cartwright v. Garner*, 751 F.3d 752, 759-60 (6th Cir. 2014). Accordingly, Plaintiffs' factual allegations do not get the benefit of the presumption of truthfulness, and the Court may "weigh the evidence and satisfy itself as to the

existence of its power to hear the case." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the Court must consider affidavits and pleadings in the light most favorable to the plaintiff. *Serras v. First Tenessee Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989). Plaintiff bears the burden of "making a *prima facie* showing that personal jurisdiction exists." *Id*. The district court should not weigh "the controverting assertions of the party seeking dismissal." *Air Products and Controls, Inc. v. Safetech Intern., Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (*quoting Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir, 1991). Nevertheless, a defendant who disputes the facts underlying personal jurisdiction "can invoke the court's discretion to order a pretrial evidentiary hearing on those facts." *Serras*, 875 F.2d at 1214.

## ANALYSIS

### I. Subject Matter Jurisdiction

Plaintiffs bring this suit in federal court pursuant to 28 U.S.C, § 1332. In order to exercise diversity jurisdiction over a dispute, the Court must satisfy itself that complete diversity among the parties exists, and that the amount on controversy is at least $75,000. Taking the pleadings as true, the suit is one between a corporate and an individual citizen of Michigan and a corporate and an individual

citizen of Florida. On its face, the suit is clearly one between "citizens of different states." § 1332(a)(1).

Nevertheless, Rule 12(b)(1) requires the Court to look beyond the pleadings to investigate the source of its jurisdiction. Defendant admitted in his Motion to Dismiss that his law firm, the Law Offices of Prince & Associates, L.L.C. ("TLOOPA") was "a Florida limited liability." (Dkt. # 8, pg. 10). He argues, however, that the ownership of non-party Jason Searns over TLOOPA spoils diversity. In his reply brief, Defendant stated that Jason Searns was in fact a partner of Defendant TLOOPA, and thus his citizenship was relevant for determining whether complete diversity of citizenship existed. *See Carden v. Arkoma Associates*, 494 U.S. 185 (1990) (holding that the citizenship of even limited partners matters for purposes of determining where a partnership is domiciled). Defendant closed his argument by observing that Plaintiff presented no evidence that Jason Searns is not a citizen of Michigan.

The Court is unclear of the relevance of Jacob Searns to the jurisdictional question because nowhere in the briefing do the parties make clear where he is domiciled. The corporate organization of TLOOPA is also unclear, likely because it is unrepresented. That being said, "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). If Defendants actually

demonstrate that TLOOPA is a partnership whose citizenship is determined by the citizenships of its partners, that Mr. Searns is a partner, and that Mr. Searns is a citizen of Michigan, the Court will revisit the issue of subject matter jurisdiction. For now, however, the fact that TLOOPA is organized and apparently headquartered in Florida, according to Florida law, is sufficient to indicate that the complete diversity requirement of § 1332(a) is met.

The amount in controversy threshold of $75,000 is also met. Defendant argues that because only $25,000 is at stake between Plaintiff Ari Kresch and Defendant David Prince, personally, the Court has no jurisdiction over that matter. Plaintiffs, however, seek to pierce the corporate veil and hold Defendant Prince personally liable for the $470,213.34 they advanced to TLOOPA. "A single plaintiff may aggregate his separate claims against a single defendant, but '[t]he traditional judicial interpretation…has been from the beginning that the separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement.'" *Naji v. Lincoln*, 665 F. App'x 397, 401 (6th Cir. 2016) (*quoting Snyder v. Harris*, 394 U.S. 332, 335 (1969)).

The Court certainly has jurisdiction over the loan to TLOOPA. Whether it should also exercise supplemental jurisdiction over the $25,000 personal loan between Mr. Kresch and Mr. Prince is a different matter, especially since it appears that the personal loan is the only basis for Mr. Kresch's standing in the

suit. Where complete diversity is present and at least one named Plaintiff satisfies § 1332(a)'s amount in controversy requirements, courts can exercise supplemental jurisdiction over claims of other plaintiffs that do not meet the amount in controversy requirement. *Exxon Mobil Corp., v. Allapattah Services, Inc.*, 545 U.S. 546, 549, 559 (2005). Such claims are subject to 28 U.S.C. § 1367, which has been interpreted to require district courts to hear claims over which it would not otherwise have jurisdiction, if those claims arise out of a common nucleus of operative facts with those claims over which it does have jurisdiction. *Soliday v. Miami County, Ohio*, 55 F.3d 1158, 1165 (6th Cir. 1995) (*quoting United Mine Workers of America v. Gibbs*, 282 U.S. 715 (1966)). Since this issue has not been briefed, the Court invites the parties to file supplemental briefing on whether or not the $25,000 personal loan and the $470,213.34 business loan arise from a common nucleus of operative facts.

II. **Personal Jurisdiction**

"A federal court may only exercise personal jurisdiction in a diversity case if such jurisdiction is (1) authorized by the law of the state in which the court sits; and (2) is otherwise consistent with the Due Process Clause of the Fourteenth Amendment." *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003). The facts that form the basis of this suit—Defendants' alleged contract with Plaintiffs—are the same facts that form the basis of the Court's personal jurisdiction over

Defendant Prince. There is therefore an "affiliation between the forum and the underlying controversy," and the Court's inquiry is one of specific, or limited, jurisdiction, not general jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

The first prong of the analysis asks whether Michigan courts would have jurisdiction over Mr. Prince. Michigan's long arm statute provides for limited personal jurisdiction over individuals who transact business in the state. M.C.L. § 600.705(1). Plaintiffs have pled that Mr. Prince entered into the Joint Venture Agreement in Michigan, and, absent proof to the contrary, they have pled sufficient grounds for the Court to exercise personal jurisdiction over Mr. Prince.

The second prong of the analysis asks whether such an exercise of personal jurisdiction is constitutional, "The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Walden v. Fiore*, 571 U.S. 277, 283 (2014). In order to be subject to the Court's authority, "the nonresident generally must have "certain minimum contacts ... such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id*. (*quoting International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The Sixth Circuit has provided a three-part test for determining whether a district court can constitutionally exercise specific personal jurisdiction.

(1) "the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state;" (2) "the cause of action must arise from the defendant's activities there;" and (3) "the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Youn*, 324 F.3d at 418 (quoting *Southern Machine Co. v. Mohasco Industries, Inc.,* 401 F.2d 374, 381 (6th Cir.1968))

Plaintiffs easily meet their burden under this test. First, the complaint alleges that Defendant came to Michigan to enter into a business relationship with a Michigan entity. The pleadings allege that he availed himself of this partnership to borrow money for TLOOPA. Second, the cause of action arises from the deterioration of that relationship and Mr. Prince's alleged failure to repay that money. Third, by partnering his law firm with a Michigan law firm, Mr. Prince entered into 12-month trial relationship with a Michigan law firm, contemplating a division of labor that would necessarily entail cooperation between Florida and Michigan attorneys and their staff on Florida and Michigan cases. (See Dkt. 1-1). It would not be unreasonable for Mr. Prince to expect that he could be sued in Michigan if he were alleged to have violated the agreement. The Court can therefore exercise personal jurisdiction over Mr. Prince in the resolution of this matter.

## Conclusion

As a final matter, the Court finds that Defendant's first Motion to Dismiss [5] is now moot. *See KBT Group, LLC v. City of Eastpointe*, No. 18-10409 (E.D. Mich. Apr. 10, 2019) (Tarnow, J.) (explaining that since an amended complaint supersedes the original complaint, a motion to dismiss the original complaint is moot). Having resolved the jurisdictional issues with Defendants motions under Rule 12(b)(1) and 12(b)(2), the Court will schedule a hearing on the remaining elements of Defendant's Motion to Dismiss [8], specifically the portions of the Motion governed by Rule 12(b)(6) and Rule 12(b)(7).

Accordingly,

**IT IS ORDERED** that Defendant David Prince's Motion to Dismiss the Amended Complaint [8] is **DENIED IN PART** as specified above. The remaining components of the Motion to Dismiss the Amended Complaint [8] will be adjudicated following a hearing, which will be scheduled for **Wednesday, January 22, 2020 at 3:00 P.M.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss [5] is **DENIED AS MOOT**.

SO ORDERED.

Dated: September 12, 2019

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge